*Bellehsen v. Commissioner*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand twenty-one.

PRESENT:

> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

ANI D. BELLEHSEN,

> *Plaintiff-Appellant,*

> v.                                                                 No. 20-2566

COMMISSIONER OF SOCIAL SECURITY,

> *Defendant-Appellee.*

_____

FOR APPELLANT:                        DANIEL A. OSBORN, Osborn Law, P.C., New York, NY.

FOR APPELLEE:                         RACHEL G. BALABAN, (Varuni Nelson, Arthur Swerdloff, *on the brief*), *for* Jacquelyn M. Kasulis, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 25, 2020, is **VACATED** and the case **REMANDED** to the agency for further proceedings.

Plaintiff-Appellant Ani D. Bellehsen appeals from the district court's decision affirming the Commissioner of Social Security's denial of her applications for child disability benefits and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("SSA" or "the Act"). *See* 42 U.S.C. §§ 401–434, 1381–1383. On appeal, Bellehsen argues that the administrative law judge (the "ALJ"), who found she was not disabled within the meaning of the SSA, erred by failing to give controlling weight to the opinion of her longtime treating psychiatrist, Dr. Stanley Hertz, and by failing to provide good reasons for its decision to afford Dr. Hertz's opinions "some weight, but not great weight." ROA 15. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to vacate and remand.

The ALJ must afford the opinion of a treating physician controlling weight if it is well-supported by medical evidence and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); *see Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999).[1] Under our precedent, the ALJ must follow a two-step procedure to determine the appropriate weight to assign the treating physician's opinion. *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). At step one, "the ALJ must decide whether the opinion is entitled to controlling weight." *Id.* (citing *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)). At step two, "if the ALJ decide[d] the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give it." *Id.* In so doing, the ALJ

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

"must explicitly consider the . . . *Burgess* factors." *Id.* These are: "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Id.* at 95–96; *see also Burgess*, 537 F.3d at 129.

"[F]ailure to explicitly apply the *Burgess* factors when assigning weight at step two is a procedural error." *Estrella*, 925 F.3d at 96. Unless the ALJ has "provided good reasons for its weight assignment, we are unable to conclude that the error was harmless and consequently remand for the ALJ to comprehensively set forth its reasons." *Id.* Even so, "[i]f . . . a searching review of the record assures us that the substance of the treating physician rule was not traversed, we will affirm." *Id.*

In Bellehsen's case, the ALJ did not give controlling weight to the opinions of Dr. Hertz, who had treated Bellehsen on roughly a monthly basis from 2011 to 2018.[2] The ALJ gave Dr. Hertz's opinions "some weight, but not great weight," explaining that in his view those opinions "were not consistent with the medical evidence, which supports a less severe degree of limitation." ROA 15. Instead, the ALJ gave "great weight" to the opinion of consulting psychologist Dr. Kathleen Acer, who examined Bellehsen on one occasion, on December 28, 2015. ROA 14.

In deciding not to give Dr. Hertz's opinions controlling weight, the ALJ did not address whether those opinions were "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(c)(2). And in deciding to give Dr. Hertz's opinions no more than "some weight," the ALJ noted only that Dr. Hertz's opinions "were based on multiple examinations over a prolonged period of time," without explicitly considering any of the other three *Burgess* factors. ROA 15. This was error. *Estrella*, 925 F.3d at 96; *see also Ferraro v. Saul*, 806 F. App'x 13, 15 (2d Cir. 2020) ("[M]erely acknowledging the existence of treatment relationships is not the same as explicitly considering the frequency, length, nature, and extent of treatment."). We agree with Bellehsen that the ALJ's opinion

---

[2] Dr. Hertz treated Bellehsen regularly except for a period in 2013 when Bellehsen was attending an intensive outpatient program at St. Luke's Roosevelt Hospital, where she attended group therapy five days a week.

was fundamentally flawed by its failure to apply the *Burgess* factors and to provide good reasons for not giving Dr. Hertz's opinions controlling weight.

Moreover, a "searching review of the record" does not "assure[] us that the substance of the treating physician rule was not traversed." *Estrella*, 925 F.3d at 96. Bellehsen's medical records show that, over an extended period of time, she was treated—including through medication—for anxiety, panic attacks, depression, bipolar disorder, and borderline personality disorder, consistent with Dr. Hertz's opinions. It is true, as the Commissioner points out, that the record also reflects times during which Bellehsen's mood was stable and she reported no excessive anxiety. But given the cyclical nature of much mental illness, we cannot decide based on the cold record before us whether these examples of improvement provide a sufficient reason to discount Dr. Hertz's opinions. *Cf. Estrella*, 925 F.3d at 97 ("Cycles of improvement and debilitating symptoms of mental illness are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working."). Furthermore, "[i]f an ALJ perceives inconsistencies in a treating physician's reports, the ALJ bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly" before rejecting the opinion. *Rosa*, 168 F.3d at 79. We are therefore not reassured by these intermittent observations of remission that, "had the ALJ complied with the procedural mandates of the treating physician rule," it would still have declined to assign controlling weight to Dr. Hertz's opinion. *Estrella*, 925 F.3d at 98.

We commend the district court for its thorough analysis of the administrative record following its determination that the ALJ erred in the ways we have described. Ultimately, however, this Court reviews the "administrative ruling rather than the district court's opinion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). For the reasons outlined above, the ALJ's analysis fell short of what is required, and we are unable to conclude that the error was harmless. *See Estrella*, 925 F.3d at 96; *Burgess*, 537 F.3d at 128-29. Accordingly, we remand the case to the ALJ for a thorough and procedurally correct reconsideration of Bellehsen's claim in light of the obligations imposed by *Burgess* and *Estrella*.

\* \* \*

For the reasons set forth above, the district court's judgment is **VACATED** and the case is **REMANDED** to the Commissioner for further proceedings.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court